

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00122-CR

_____

JAMES CARL GOODWIN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Marion County, Texas
Trial Court No. F-14966

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

In 2018, James Carl Goodwin pled guilty to unlawful possession of a firearm by a felon, a third-degree felony. *See* TEX. PENAL CODE ANN. § 46.04(a)(2), (e) (Supp.). Pursuant to the terms of his plea-bargain agreement, the trial court suspended Goodwin's sentence of seven years' imprisonment in favor of placing him on community supervision for a period of five years. Further, the trial court ordered Goodwin to abstain from the use of drugs, complete a life skills course, and perform twelve hours of community service per month. In December 2019, the State moved to revoke Goodwin's community supervision on grounds that he, among other things, tested positive for methamphetamine on two occasions, failed to complete the life skills course, and failed to perform community service as ordered. Goodwin pled true to the allegations in the State's revocation motion. As a result, the trial court sentenced him to seven years' imprisonment. Goodwin appeals.

Goodwin's attorney filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On November 14, 2022, counsel mailed Goodwin copies of the brief, the appellate record, and the motion to withdraw. Goodwin was informed of his rights to review the record and file a pro se response. By letter dated November 14, this Court informed Goodwin that any pro se response was due on or before December 14. Goodwin filed a pro se motion for extension of time, which we granted, setting January 13, 2023, as the new deadline for his pro se response. After that deadline passed, this Court further informed Goodwin that the case would be set for submission on the briefs on February 27. Goodwin did not file a pro se response.

We have determined that this appeal is wholly frivolous. We independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[1]

Charles van Cleef
Justice

Date Submitted:    February 27, 2023
Date Decided:    March 17, 2023

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.